BRYLAWSKI, ET AL. *v.* ELLIS

[No. 162, September Term, 1964.]

*Decided March 1, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, HORNEY and SYBERT, JJ., and KEATING, J., Associate
Judge of the Second Judicial Circuit, specially assigned.

*John W. Neumann,* with whom were *Kardy, Brannan & Neu-
mann* on the brief, for appellants.

*Kathryn E. Diggs* for appellee.

KEATING, J., by special assignment, delivered the opinion of
the Court.

In this appeal from the Circuit Court for Montgomery County,
the appellants, who were defendants below, having been sued
by a Mrs. Balentine, a real estate broker, for commissions
claimed by the latter, brought into the suit by third-party
claim the appellee, another broker. The basis of the appellants'
claim against the appellee was that they had already paid him
a real estate commission for procuring the same sale of real es-
tate which the plaintiff claimed she had procured, and that if
the plaintiff's claim against them should prevail, they would be
entitled to restitution from the appellee.

At the trial before a jury, after the evidence of all parties
had been concluded, the court granted the appellee's motion for
a directed verdict in his favor. Thereafter, the case was sub-
mitted to the jury on the claim of the plaintiff against the ap-
pellants and resulted in a verdict in favor of the plaintiff.

The appellants claim that the lower court erred in direct-
ing a verdict for the appellee contending that the jury's verdict
conclusively established that the original plaintiff was the broker
who procured the sale and, therefore, the appellee was not the
procuring broker and the $12,500 commission which appellants
had theretofore paid him was paid as a result of a mistake and
thus he was unjustly enriched. They do not say whether they
base their claim on a mistake of fact, and if so, what fact, or on
a mistake of law, and if so, what point of law. They do con-
tend that in suits to recover money paid as a result of mistake
the early cases made a distinction between mistakes of fact and

mistakes of law, the former entitling the claimant to recover and the latter barring it, but that such distinction has largely disappeared in Maryland, citing *B. & A. R. R. Co. v. Carolina Coach Co.,* 206 Md. 237. We do not concur in the appellants' interpretation of this case.

However, we do not find it necessary to determine whether, in the instant case, there was a mistake of fact or a mistake of law, or even a mixed mistake of fact and law, nor what the present law of Maryland relative thereto may be. A careful review of the record shows conclusively that there was no mistake of any kind on the part of the appellants causing them to pay the appellee.

The evidence clearly shows that the appellants, partners, wanting to sell their real estate, listed it, by nonexclusive contract, with the plaintiff. That within a few days thereafter, she notified Mr. Brylawski, one of the appellants who is a lawyer, that she had a prospective purchaser and she gave him the purchaser's name; that Mr. Brylawski and the purchaser already knew each other from previous transactions; that during the ensuing several weeks and before the appellee, Ellis, who had no listing contract, ever mentioned to the purchaser or the appellants the property in question, the plaintiff, Balentine, had several conversations with Brylawski and with the purchaser regarding the property and her efforts to resolve certain sewerage, surveying and engineering problems in order to bring about the sale.

The evidence further shows that when the appellee first mentioned the subject property to the purchaser and suggested to him that he purchase it, the purchaser, although he had already been given the appellants' selling price and terms of sale and various other pieces of information about the property by the plaintiff, did not tell the appellee that the plaintiff had been endeavoring to arrange the sale, but on the contrary asked the appellee to see what price and terms he could get from the owners, which the appellee did.

The evidence also clearly shows that the appellants, with full knowledge of the plaintiff's prior contacts with the purchaser and her endeavors to induce him to buy, nevertheless allowed the appellee to negotiate with the same purchaser and finally

signed a contract with the purchaser which contract had been submitted by the appellee and which contained slightly more favorable terms than those which they authorized the plaintiff to offer. Neither broker knew of the other's interest in or activities concerning this sale, but the buyer and appellants were fully aware of them. Whether the competing brokers were purposely kept in ignorance of each other's efforts does not appear of record, but is of no importance here. By the contract, the appellants agreed, inter alia, "to pay to Robert G. Ellis, broker, a commission of Twelve Thousand Five Hundred Dollars ($12,-500.00) as compensation for services rendered by said broker * * *." Moreover, the evidence shows that, after the sales contract was signed but before it was delivered to the purchaser, the appellants, with full knowledge of all the facts, felt, according to Mr. Brylawski's testimony, that "we certainly had a very strong obligation of some sort to Mr. Ellis" and "we felt that there was a substantial possibility of a legal obligation to pay Mr. Ellis the full commission," and thereupon authorized delivery of the contract to the purchaser, consummated the sale, and paid the appellee the sum specified in the contract, without waiting for the plaintiff to assert her claim against them. The contract in question recites "* * * for services rendered by said broker * * *" and does not further specify the nature of the services. The appellants, with full knowledge of all facts, accepted and used the services of the appellee and paid him for them. They now claim that because a jury has determined that they had an obligation to the other broker, a fortiori, they must not have had one to the appellee and thus paid him by mistake. We see no such consequence. They accepted and used the services of both brokers. For a case involving a similar situation, see *Galbraith v. Johnston,* 373 P. 2d 587 (Ariz. 1962), where it was held that a seller may obligate himself by contract to the payment of double commissions. See also *Balser v. Ramseur,* 189 S. W. 2d 785 (Ark. 1945). Cf. *Steele v. Seth,* 211 Md. 323; *Warshawsky v. Traub,* 156 Md. 597.

We, therefore, hold that there was no error by the lower court in directing a verdict in favor of the appellee.

*Judgment affirmed; appellants to pay the costs.*